# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID BIGI, et al.,

                Plaintiffs,     :     Case No. 3:14-cv-282

                                        District Judge Walter Herbert Rice
   - vs -                            Magistrate Judge Michael R. Merz

OFFICER MARK BROWN, et al.,

                Defendants.    :

## REPORT AND RECOMMENDATIONS

       Plaintiffs David and Robert Bigi brought this action *pro se* to recover for wrongs allegedly done to them in the course of investigation and prosecution of the Plaintiffs for federal criminal offenses. The case is before the Court on Defendants' Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 15) which Plaintiffs oppose (Doc. No. 19); Defendants have filed a Reply in support (Doc. No. 21).

       Pursuant to the General Order of Assignment and Reference for the Dayton location of court, the case has been referred randomly to a United States Magistrate Judge under 28 U.S.C. § 636(b) for pre-trial management. Motions for involuntary dismissal are dispositive motions requiring a report and recommendations from an assigned Magistrate Judge, rather than a decision.

       Defendants are two police officers of the City of Beavercreek, Ohio, and the City itself. Plaintiffs assert this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because of the

federal questions raised and 28 U.S.C. § 1343 because at least some of the claims are made under federal civils rights law.  Defendants do not dispute subject matter jurisdiction and the Court finds it has such jurisdiction under §§ 1331 and 1343 and over the Fourth Claim for Relief under 28 U.S.C. § 1367.

**The Amended Complaint**

Plaintiffs' Amended Complaint purports to state four claims for relief.  The First Claim is against Defendants Brown and Stull for interference with Plaintiffs' property rights under the Fifth and Fourteenth Amendments to the United States Constitution, made actionable by 42 U.S.C. § 1983.  The Second Claim accuses Brown and Stull of conspiring to interfere with the same rights, conduct made actionable under 42 U.S.C. § 1985.  The Third Claim asserts liability of the City of Beavercreek for failure to train Brown and Stull, resulting in the alleged constitutional violations.  The Fourth Claim seeks to establish common law liability of all Defendants for the alleged acts.

Factually, Plaintiffs allege Officer Brown and others entered David Bigi's residence on July 9, 2009, for the purpose of seizing "equipment purchase receipts." (Amended Complaint, Doc. No. 9, ¶ 10, PageID 47[1].)  The Amended Complaint does not state what property was

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page.  The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent  part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)  The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy.  Therefore, nonconforming filings will be stricken.

2

seized, but alleges that any such property was not deposited in the property room of the Beavercreek Police Department until November 30, 2009. *Id.* at ¶ 13. Officers Brown and Stull allegedly mishandled the seized property between July 9, 2009, and October 18, 2010. *Id.* at ¶ 14, PageID 48. Plaintiffs allege that Officers Brown and Stull, during this time period, tampered with and destroyed property of the Plaintiffs which constituted "[i]rrefutable evidence that would have acquitted the Plaintiffs of the charges brought against them" for the purpose of maliciously prosecuting Plaintiffs and depriving them of their constitutional rights to due process and a fair trial. *Id.* at ¶ 22, PageID 48-49. Plaintiffs claim that on March 24, 2010, Brown "unlawfully cut into and tampered with the Plaintiffs evidence bag that was *never* logged out of the Evidence/Property Room." *Id.* at ¶¶ 23-25, PageID 49. Various meetings between Brown, Stull, and the Plaintiffs were scheduled on March 26, 2010; October 12, 2010; and October 19, 2010. *Id.* at ¶¶ 26-32, PageID 49-50. On October 19, 2010, Officers Brown and Stull allegedly lied to Plaintiffs about why one of their evidence bags was not produced for inspection at the October 12, 2010, meeting. Plaintiffs allege that as a result of these acts, they suffered "enormous" financial and emotional damages and deprivation of their liberty. They seek compensatory damages in an unspecified amount, punitive damages of $8 million, and various reform-oriented injunctive orders against the City of Beavercreek.

**Defendants' Motion to Dismiss**

Although it is alluded to only inferentially in the Amended Complaint, Plaintiffs were Defendants in a criminal prosecution in this Court, *United States v. David and Robert Bigi*, Case No. 3:09-cr-153 (the "Criminal Case"). The grand jury charged the Bigis with a conspiracy to

3

engage in the interstate transportation of stolen property and numerous other related offenses (Criminal Case Indictment, Doc. No. 4, PageID 12 et seq.)  Both Bigis were arraigned on the Indictment and released on conditions in late October 2009. *Id.*  at Doc. Nos.  5-11.  The case was initially assigned to Chief District Judge Susan Dlott, but later transferred to District Judge Timothy Black.  *Id.*  at Doc. No. 81.  After extensive pretrial motion practice (over 200 docket entries), David Bigi entered into a Plea Agreement with the United States on August 1, 2011, and was sentenced to five years probation. *Id.*  at Doc. No. 257, 265.  On motion of the United States, the Superseding Indictment was dismissed as to Robert Bigi on December 6, 2011, pursuant to his agreement to plead guilty to a bill of information in Case No. 3:11-cr-119 charging one count of misprision of felony in connection with the same criminal scheme.  *Id.*  at Doc. No. 271.

Conceding that a *pro se*  civil rights pleading must be liberally construed under *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), Defendants nevertheless assert Plaintiffs have failed to plead claims that are plausible under Fed. R. Civ. P. 12(b)(6), relying on the standard adopted by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Even if the Amended Complaint were sufficient under that standard, Defendants assert it is barred by the relevant statute of limitations and Plaintiffs' waiver by pleading guilty to the criminal offenses.

## ANALYSIS

Plaintiffs make numerous factual allegations in their Memorandum in Opposition.  To the extent those allegations are relevant to the Motion to Dismiss, the Court considers them as if

4

Plaintiffs had again amended their complaint to add those allegations. This is consistent with the liberal construction of *pro se* civil rights complaint commanded by *Haines v. Kerner, supra.*

Plaintiffs allege that there existed on July 9, 2009, when their property was seized pursuant to a search warrant a document or documents which would show that David Bigi "had in his possession on July 10, 2009 purchase receipts for the indicted equipment." (Memo in Opp., Doc. No. 19, PageID 149). This would have been useable by Plaintiffs in support of their theory of defense: "The Plaintiffs have been arguing from day one on or about July 10, 2009 that they purchased the alleged stolen equipment from another party." *Id.* To prove that this has been Plaintiffs' position from the start of the criminal litigation, they assert:

> Plaintiff David Bigi stated this fact, that he purchased the said equipment that is relevant to the Federal indictment while in custody at the Vandalia Police department during an audio recorded interrogation on or about July 10, 2009. If one could obtain this video from the USDOJ one would also hear the coercion towards Mr. [David] Bigi to give them access to the safe in his home. The fact is that the Plaintiff David Bigi had and kept all receipts at his home during the course of business of buying heavy equipment, cars, trucks, boats, motorcycle[s], and miscellaneous items.

*Id.* As further proof, they assert that, as shown on a video recording of the evidence inspection on 10/19/2010, "almost all the evidence that the defendants had not destroyed and left in the [evidence] bags are purchase receipts for something or another." *Id.* The equipment purchase receipt in question is what Plaintiffs say would have been irrefutable evidence of their innocence. (Amended Complaint, Doc. No. 9 at ¶ 22, PageID 48-49.)

As the Magistrate Judge understands Plaintiffs' theory of the case, it is that, among other things, the Beavercreek Police under Detective Brown's direction seized this evidence which proved Plaintiffs innocent on July 9, 2009. Thereafter, either during a delay in depositing the

5

evidence in the Beavercreek police property room or thereafter, particularly in March 2010, Detective Brown, with the conspiratorial complicity of Officer Stull, removed the exculpatory evidence from the seized property and destroyed it.

Criminal defendants have a constitutional right to the disclosure of exculpatory evidence in the hands of the prosecuting authorities as held in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.  Intentional withholding of such evidence by the police is a violation of a defendant's right to a fair trial, requiring a reversal of the conviction.  If the exculpatory evidence is also the property of the defendant, its destruction would violate the owner's Fourteenth Amendment right not to have his property destroyed by the State without due process of law.

However, any such claim made in the Amended Complaint (or which could be made by adding allegations from the Memorandum in Opposition) is barred by the statute of limitations..

Because the Civil Rights Act of 1871 does not include a statute of limitations, the federal courts "borrow" a limitations statute from the forum State, Ohio in this case.  *Hardin v. Straub,* 490 U.S. 536 (1989).  The statute of limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years.  Ohio Revised Code § 2305.10.  *Nadra v. Mbah*, 119 Ohio St. 3d 305 (2008); *Banks v. City of Whitehall*, 344 F.3d 550, 551 (6th Cir. 2003), *citing Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(*en banc*).  A statute of limitations defense may be raised and decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) when it is apparent on the face of the complaint.  *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th  Cir. 1989).

The statute of limitations begins to run from "when the plaintiff knows or has reason to know of the injury which is the basis" of the claim. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).

At least as early as the property inspection which occurred on October 19, 2010, Plaintiffs knew that the "equipment property receipt" on which they rely was not in the Beavercreek police property room among the many such documents seized on July 9, 2009. This was obviously a critical piece of evidence in the criminal case. With it, they would have had what they claim would have been "irrefutable" evidence of their innocence. Without it, they claim they were "railroaded" into taking the only plea agreement that was ever offered (Memo. In Opp., Doc. No. 19, PageID 147.) In addition, they apparently did not specifically demand the relevant documents because to do so "would have tipped their hand on the evidence they were looking for." *Id.* at PageID 146. They justify their silence by quoting an aphorism: "When one searches for his treasure, his pot of gold, he does not tell the ones he meets along the way what he is looking for." *Id.* at PageID 146-47.

Plaintiffs did not file their Complaint in this case until August 26, 2014, forty-six months after they discovered that the relevant "irrefutable" evidence was gone. They attempt to justify their delay and avoid the bar of the two-year statute of limitations by claiming they only "discovered" their claims in August 2014 when they received the Property Detail Reports ("PDR") which are attached as exhibits to their Memorandum in Opposition (Doc. No. 19, PageID 175-80. Plaintiffs aver they obtained the PDR's while conducting "discovery for another matter[2] on or about August 1, 2014" *Id.* at PageID 160.

In between October 19, 2010, and August 26, 2014, Plaintiffs pleaded guilty to federal felony charges and were convicted and sentenced. They neither appealed nor have they sought to have those convictions set aside on the basis of the asserted *Brady* violation. They were

---

[2] Presumably this other matter is the civil case, referred to at PageID 147, in which an insurance company sought reimbursement for its losses arising from Plaintiff's criminal scheme.

represented at the time they pled guilty by Attorneys Larry Greger and Jim Fleisher, two of the leading members of this Court's criminal bar.

The PDR's may be[3] evidence supporting Plaintiffs' Brady claim, but they do not reveal for the first time that the relevant documents are not in the Beavercreek property room or of the identities of Defendants Brown and Stull. Among other things, both of these Defendants were involved with the property inspections in October 2010. Detective Brown and Officer Stull both testified in pre-trial hearings in the Criminal Case as is shown by excerpts from their testimony attached to the Memorandum in Opposition (Doc. No. 19-2, PageID 166-74).

Because Plaintiffs discovered their injury – destruction of the allegedly exculpatory evidence – not later than October 19, 2010, and did not file this case until August 26, 2014, their claims are barred by the statute of limitations. The Amended Complaint should therefore be dismissed with prejudice.

Because this conclusion is dispositive of the case, the Court need not reach the other questions raised by Defendants of whether claims are sufficiently pled under *Twombly-Iqbal* or whether Plaintiffs waived their claims by pleading guilty.

November 7, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen

---

[3] The Magistrate Judge states "may be" because the import of the PDR's is not evident from the face of the documents.

days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).