IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID BIGI, et al.,

          Plaintiffs,  :  Case No. 3:14-cv-282

                    District Judge Walter Herbert Rice
- vs -                  Magistrate Judge Michael R. Merz

OFFICER MARK BROWN, et al.,

          Defendants.  :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Objections by Plaintiffs David and Robert Bigi (Doc. No. 25) to the Report and Recommendations recommending the Amended Complaint be dismissed with prejudice ("Report," Doc. No. 22). Judge Rice has recommitted the case for reconsideration in light of the Objections (Recommittal Order, Doc. No. 26). Because the Objections were filed after judgment was entered in the case but within twenty-eight days, the Objections will be considered under the standard for a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e).

**Timeliness of Objections**

The Report was filed and served on Plaintiffs on November 7, 2014 (Doc. No. 22). The Court calculated Plaintiffs' deadline for objecting as November 24, 2014. When no objections

1

were filed by that date, Jude Rice adopted the Report and dismissed the Amended Complaint (Doc. Nos. 23, 24).

Plaintiffs insist instead that their objections had

> a deadline of end of work day on November 26, 2014. Pursuant to Fed. R. Civ. P. 6(d) the Plaintiffs response time is extended three days, giving the Plaintiffs a deadline not later than the end of work day December 1, 2014, (see doc. No. 22 PageID 198-199) giving the Plaintiffs seventeen days to file their Objection (plus two days) for the Thanksgiving holiday that the Courts were closed on November 27th and 28th.

(Objections, Doc. No. 25, PageID unspecified by CM/ECF system.)

Plaintiffs have miscalculated their due date. The Report was filed and mailed to Plaintiffs on November 7, 2014. Fed. R. Civ. P. 72(b) gives any party affected by a report and recommendations fourteen days to object, which would be November 21, 2014. Because Plaintiffs were served by mail, they were entitled to an additional three days, or until November 24, 2014. It is certainly true that the Court was closed on November 27 and 28 for the Thanksgiving holiday. If the Objections had been due on either of those two days, Plaintiffs would have had until the end of the Clerk's Office business day on December 1, 2014, to file, but the Objections were in fact due three days before Thanksgiving.

**Merits of the Objections**

Plaintiffs claim in the Amended Complaint that David Bigi had in his possession on July 9, 2009, purchase receipts for equipment in connection with the theft of which both Plaintiffs were indicted in *United States v. Bigi,* Case No. 3:09-cr-153 (Memo. In Opp., Doc. No. 19,

2

PageID 149).  On July 9, 2009, a search warrant was executed at David Bigi's premises. Plaintiffs claim that the purchase receipts for the equipment in the Indictment were among the property seized at that time.  When Plaintiffs went with their attorney to inspect the seized property in October, 2010, many other seized equipment receipts were in the Beavercreek Police Property Room, but not the receipts which Plaintiffs say would have provided "irrefutable" proof of their innocence.  The gravamen of this case is that Defendants Brown and Stull destroyed the critical equipment receipts in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), thereby depriving Plaintiffs of their proof and causing them to plead guilty and be convicted.

The Report concluded that the two-year statute of limitations for § 1983 claims began to run when Plaintiffs discovered, in October 2010, that the relevant receipts were missing (Report, Doc. No. 22).  Plaintiffs object that, while they knew the receipts were missing in October 2010, they did not know Defendants Brown and Stull were the culprits.  That is because

> [T]here were multiple agencies involved in this investigation . . .there were at least 4 officers from 3 jurisdictions and Plaintiffs believe the FBI at the search of the Plaintiff's residence on or about July 10, 2009.  Anyone [sic] of these Officers or Agents could have destroyed the Plaintiff's evidence, there was no way for the Plaintiffs to know at any time before August 2014 that Officer Brown and Stull were indeed the party(s) involved with tampering with the Plaintiff's evidence.

(Objections, Doc. No. 25, PageID unspecified.)  Plaintiffs repeat at some length their argument about why they could not have known Brown and Stull were responsible until they looked at Property Disposition Reports in August 2014 in connection with their having been sued by an insurance company over the incidents involved here.  *Id.*

The Report relies on *Trzebuckowski v. City of Cleveland*, 319 F.3d 853 (6th Cir. 2003), for the proposition that the statute of limitations begins to run from "when the plaintiff knows or

3

has reason to know of the injury which is the basis" of the claim. *Id.* at 856. In their Objections, Plaintiffs cite *Collins v. Sotka*, 81 Ohio St. 3d 506, 507-08 (1982), for the so-called discovery rule. In that case, the Ohio Supreme Court adopted a special discovery rule applicable to wrongful death cases resulting from murder: "In a wrongful death action that stems from a murder, the statute of limitations begins to run when the victim's survivors discover, or through the exercise of reasonable diligence should have discovered, that the defendant has been convicted and sentenced for the murder." *Collins*, *supra*, ¶ 2 of the syllabus

This, of course, is not a wrongful death case resulting from a murder, but a federal civil rights suit in which the federal courts "borrow" the forum State's general personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 249-50 (1988). The question of when the cause of action accrues is governed by federal, not state law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The discovery rule applicable to federal civil rights cases was stated in *Trzebuckowski v. City of Cleveland*, 319 F.3d 853 (6th Cir. 2003):

> The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *See Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516 (6th Cir. 1997) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights. *See Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991).

*Id.* at 856. As the Report holds, the injury in this case is the destruction of the supposedly irrefutable proof which Plaintiffs knew had happened as of the pre-trial property inspection in October 2010. Even if Plaintiffs did not know on that date who destroyed the receipts, they knew that the receipts had been destroyed and were no longer available to prove their innocence. That event should have alerted them to protect their rights.

4

**The *Heck v. Humphrey* Issue**

The Defendants assert Plaintiffs have waived this antecedent constitutional claim by pleading guilty (Motion to Dismiss, Doc. No. 11, PageID 81-82).  The Report did not discuss this defense because the statute of limitations defense is straightforward.  However, the Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994).  If Plaintiffs were able to show that the State committed a *Brady* violation by failing to disclose and indeed destroying exculpatory evidence, that would invalidate their convictions.  Because they have not yet done so in a proceeding to invalidate those convictions, *Heck v. Humphrey* bars their § 1983 claims.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Plaintiffs' Objections, construed as a motion to alter the judgment under Fed. R. Civ. P. 59, be denied.

December 4, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).