IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID BIGI, *et al.*,                  :

      Plaintiffs,

    v.                                       :        Case No. 3:14-cv-282

OFFICER MARK BROWN, *et al.*,          :        JUDGE WALTER H. RICE

      Defendants.                    :

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' OBJECTIONS TO
THE UNITED STATES MAGISTRATE JUDGE'S NOVEMBER 7, 2014,
REPORT AND RECOMMENDATIONS (DOC. #25), CONSTRUED BY
THE COURT AS A MOTION TO ALTER OR AMEND THE JUDGMENT
UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e); ADOPTING
UNITED STATES MAGISTRATE JUDGE'S DECEMBER 4, 2014,
SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #28);
OVERRULING PLAINTIFFS' OBJECTIONS THERETO (DOC. #29);
JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST
PLAINTIFFS; TERMINATION ORDER

---

On November 7, 2014, United States Magistrate Judge Michael R. Merz

issued a Report and Recommendations, Doc. #22, recommending that the Court

sustain Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, Doc. #15,

as time-barred. On November 26, 2014, noting that no Objections had been filed

within the time allotted, the Court adopted the Report and Recommendations,

dismissed the Amended Complaint with prejudice, and terminated the case. Doc.

#23. Judgment was entered in favor of Defendants. Doc. #24.

Five days later, on December 1, 2014, Plaintiffs filed belated Objections to the Report and Recommendations, Doc. #25, and the Court recommitted the matter to Magistrate Judge Merz, Doc. #26. On December 4, 2014, Defendants filed a Response to the Objections, Doc. #27.

In his Supplemental Report and Recommendations, Doc. #28, also filed on December 4, 2014, Magistrate Judge Merz rejected Plaintiffs' claim that the Objections were, in fact, timely filed. He construed the Objections as a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e). As to the merits of Plaintiffs' Objections, he recommended that the Court deny the motion, because Plaintiffs' claims were barred by the applicable two-year statute of limitations. He concluded that those claims accrued in October of 2010, when Plaintiffs discovered that the allegedly exculpatory receipts were missing from the envelope of evidence seized by the police. Plaintiffs did not file suit until August of 2014, almost two years too late. In the alternative, Magistrate Judge Merz agreed with Defendants that Plaintiffs' claims were barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiffs have filed timely Objections to the Supplemental Report and Recommendations. Doc. #29. They now concede that their Objections to the November 7, 2014, Report and Recommendations were untimely, but argue that, because they are acting *pro se*, the Court should excuse their tardiness. Although a complaint drafted by a *pro se* litigant is held to a less stringent pleading standard than one drafted by an attorney, a *pro se* litigant is nevertheless bound by court

2

deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Because the Objections were untimely, Magistrate Judge Merz properly construed them as a Motion to Alter or Amend the Judgment.

Under Federal Rule of Civil Procedure 59(e), a court may alter or amend the judgment based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).  Plaintiffs have failed to establish any of these grounds for relief.

Plaintiffs first challenge several of the factual statements contained in the Supplemental Report and Recommendations.  They claim that: (1) they were indicted for interstate trafficking of stolen goods, not theft; (2) there was no search warrant for David Bigi's residence; and (3) their attorney was not present in October of 2010, when they inspected the seized property.  Any alleged error, however, is harmless, because these facts have no bearing on the question of whether Plaintiffs' claims are time-barred.

As Magistrate Judge Merz noted, the statute of limitations on a federal civil rights claim begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003) (quotation omitted).  This is known as the "discovery rule."  The cause of action accrues when an event occurs "that should have alerted the typical lay person to protect his or her rights."  *Id.*

3

Plaintiffs concede that they knew in October of 2010 that the receipts they needed to prove their innocence were missing from the evidence seized by the police.  They argue, however, that because they did not learn who was responsible for the missing receipts until August of 2014, they could not have filed suit before then.  They further argue that, if they had filed suit, the Complaint would not have survived a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

As a general rule, however, the discovery rule does not operate to toll the statute of limitations until such time as a plaintiff discovers who should be named as a defendant.  Plaintiffs could have filed suit against "John Doe" defendants, and then used discovery techniques to uncover the true identity of the alleged wrongdoers.  *See Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010) ("Plaintiffs are permitted to bring suit against unnamed 'John Doe' defendants until discovery or other information reveals the identity of the party"); *Rolax v. Whitman*, 175 F. Supp. 2d 720, 728 (D.N.J. 2001) ("[i]n order to preserve his claim, Rolax should have filed a complaint within the limitations period that named 'John Doe' or 'Jane Doe' defendants and thereafter conducted discovery to ascertain the identities of the defendants responsible for his wrongful detention and search").

Once Plaintiffs were on notice that the evidence they were looking for was missing, they had a duty to exercise due diligence to protect their rights.  They failed to do so.  Accordingly, Magistrate Judge Merz properly concluded that their claims are time-barred.

4

Based on the reasoning and citations of authority set forth by the United States Magistrate Judge in his November 28, 2014, Supplemental Report and Recommendations, Doc. #28, as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court ADOPTS said judicial filing concerning the timeliness of the Objections to the November 7, 2014, Report and Recommendations, and the statute of limitations issue.[1]

The Court OVERRULES Plaintiffs' untimely Objections to the Magistrate Judge's November 7, 2014, Report and Recommendations, Doc. #25, which the Court construes as a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e). The Court also OVERRULES Plaintiffs' Objections to the Magistrate Judge's Supplemental Report and Recommendations, Doc. #29.

Judgment will be entered in favor of Defendants and against Plaintiffs. The captioned case is hereby again ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: December 16, 2014        _____

            WALTER H. RICE
            UNITED STATES DISTRICT JUDGE

_____

[1] Given that the claims are time-barred, the Court need not address the question of whether *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), also bars Plaintiffs' claims.